On Application for Rehearing.

En Banc.
PER CURIAM.
The defendant-appellant, H. O. Roy, Inc., applies for rehearing as to our decision of November 25. This party was given notice of judgment by certified mail. Louisiana Constitution Article 7, Section 24, Uniform Rules, Courts of Appeal, Rule XII, Section 1 (1963). Receipt of such notice was signed the following day, November 26.
Applications for rehearing must be filed in this court on or before the fourteenth calendar day after, but not including, the date of receipt of such notice; except that applications properly mailed on or before such date shall be considered as timely filed. LSA-R.S. 13:4446, subd. B, Uniform Rules, Courts of Appeal, Rule XI, Sections 1, 2 (1963). If the last day of the delay falls on a legal holiday or half holiday, then the delay shall be extended through the next day which is not a legal holiday. LSA-R.S. 13:4446, subd. C; LSA-CCP Art. 5059.
In the present instance, the application for rehearing is dated December 11 and was postmarked mailed on that same date.
That is, the application for rehearing was not made or mailed until the fifteenth day after November 26, the date the notice of judgment was receipted for. It is therefore not timely.
The defendant-appellant may have considered his delay extended by one day, since the date following his receipt fell on the fourth Thursday of November and was thus Thanksgiving Day, a legal holiday. LSA-R.S. 1:55, subd. A(l). However, a legal holiday is to be included in the computation of a period allowed unless (a) expressly excluded, (b) the last day of the period, or (c) the period is less than seven days. LSA-CCP Art. 5059.
For the foregoing reasons, therefore, the application for rehearing cannot be considered.
Application for rehearing not considered.